IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER IMAN ULMER, | ) |
|     Petitioner, | ) ) ) |
| v. | ) ) Case No. 2:20-cv-885-ECM-SMD ) (WO) |
| UNITED STATES OF AMERICA, | ) ) |
|     Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Christopher Iman Ulmer is before the court on his motion to vacate under 28 U.S.C. § 2255. Doc. 1.[1] For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that Ulmer's motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

**I.    BACKGROUND**

On August 30, 2018, Ulmer pled guilty to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Crim. Doc. 66. In the plea agreement, Ulmer waived his rights to appeal and collaterally attack his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. Crim. Doc. 39 at 10. On December 12, 2018, the district court sentenced Ulmer to 240 months in prison. Crim. Doc. 69.

---

[1] References to documents filed in this civil action are designated as "Doc." References to documents filed in the underlying criminal case (Case No. 2:18-cr-10) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

Ulmer appealed, arguing that (1) his trial counsel was ineffective for failing to file a motion to suppress the drug evidence and (2) the district court erred in denying him leave to file an out-of-time motion to suppress. On December 6, 2019, the Eleventh Circuit issued an opinion upholding Ulmer's conviction and sentence. *United States v. Ulmer*, 796 F. App'x 620 (11th Cir. 2019) (per curiam). The Court held that Ulmer's claim of district court error was barred by the appeal waiver in his plea agreement. *Id*. at 623–24. The Court declined to consider Ulmer's ineffective assistance claim, finding that the record was not adequately developed. *Id*. at 623. The Court advised Ulmer that if he wanted to raise ineffective assistance claims, he should do so in a § 2255 motion. *Id*.

Ulmer filed this § 2255 motion on October 20, 2020. Doc. 1. He asserts claims that his trial counsel was ineffective for (1) failing to file a motion to suppress and (2) failing to review the significance of "witnesses who would have exonerated [him]" or to "research the facts and circumstances of [his] case." *Id.* at 4–5.

## II.   STANDARD FOR § 2255 RELIEF

A prisoner may have relief under § 2255 when the trial court imposes a sentence that (1) violates the Constitution or laws of the United States, (2) exceeds its jurisdiction, (3) exceeds the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines that a prisoner is

entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The burden of establishing that vacatur of a conviction or sentence is appropriate falls upon the petitioning prisoner. *See Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

### III. *STRICKLAND* STANDARD FOR INEFFECTIVE ASSISTANCE

A claim of ineffective assistance of counsel is evaluated against the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984). To make a showing of ineffective assistance, a petitioner must prove two things: (1) "counsel's performance was deficient;" and (2) "the deficient performance prejudiced the defense." *Id*. at 687. Performance is deficient when it falls below "an objective standard of reasonableness and [i]s outside the wide range of professionally competent assistance." *Johnson v. Sec'y, DOC*, 643 F.3d 907, 928 (11th Cir. 2011) (internal quotation marks omitted). Under *Strickland*'s prejudice prong, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Unless a petitioner satisfies the showings required under both prongs of the *Strickland* standard, relief should be denied. *Id.* at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *see Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### IV. DISCUSSION

**A. Counsel's Failure to File Motion to Suppress**

3

Ulmer claims that his trial counsel was ineffective for failing to file a motion to suppress the drug evidence. Doc. 1 at 4.

The record reflects that Ulmer's original counsel, William Whatley, was allowed to withdraw from the case after an irreconcilable conflict arose between the two over the viability of a motion to suppress that Ulmer wanted Whatley to file. Doc. 6-3 at 1–2. Ulmer asked Whatley to challenge the search that uncovered the drugs. *Id*. at 2. After reviewing discovery and researching the case law, Whatley advised Ulmer that he could find no basis for challenging the search and that a motion to suppress would be frivolous. *Id*. Displeased with this advice, Ulmer requested new counsel. *Id*. Whatley was allowed to withdraw from the case, and Preston L. Presley was appointed to represent Ulmer.[2] *Id.*

By the time Presley was appointed, the court-ordered deadline for Ulmer to file pretrial motions had expired. Crim. Doc. 35 at 2. Because the deadline had expired and Whatley had filed no motion to suppress, Ulmer, through Presley, sought leave to file an out-of-time motion to suppress. Crim. Docs. 31 & 33. The district court denied the request to file an untimely motion to suppress, finding that Ulmer failed to establish good cause for his late filing. Crim. Doc. 35 at 2–3.

In his § 2255 motion, Ulmer lays his primary claim of ineffective assistance of counsel—for failure to file a motion to suppress—against Whatley, not Presley.[3] At the

---

[2] Presley remained Ulmer's counsel during plea negotiations, the guilty plea hearing, and sentencing.

[3] As indicated above, the deadline for filing a timely motion to suppress had expired by the time Presley was appointed as Ulmer's counsel. And Presley sought, but was denied, leave to file an out-of-time motion to suppress.

4

time of the search that Ulmer says Whatley should have challenged, Ulmer was serving a seven-year term of federal supervised release. Doc. 7-1 at 3–4, ¶ 5. Ulmer's probation officer had developed evidence that Ulmer was not living at the Eighth Street address in Clanton that he had reported to the U.S. Probation Office, but instead he had moved in with his girlfriend at a home on Holiday Inn Drive in Clanton. *Id.* On March 31, 2017, probation officers visited the home on Holiday Inn Drive, looking for Ulmer. *Id.* at 4, ¶ 6. The officers found Ulmer and his girlfriend at that residence. *Id*. Without a warrant, the officers searched the residence and found large amounts of marijuana and methamphetamine in the garage. *Id*., ¶ 7.

In his motion seeking leave to file an out-of-time motion to suppress, Ulmer, through Presley, sought to disassociate himself from the residence where the drugs were found. Crim. Doc. 33. Ulmer averred that the home on Holiday Inn Drive was not his residence or his secondary residence; that he had no interest in the property and was not on the lease for the property; that he had no utility bills in his name at the property; that he received no mail at the property; and that he had no personal property within the home during the search. *Id*. at 2. In denying Ulmer leave to file an out-of-time motion to suppress, the district court noted that Ulmer's averments distancing himself from the residence on Holiday Inn Drive indicated he had no reasonable expectation of privacy in the property, so he would not be legally able to challenge the search that uncovered the drugs. Crim. Doc. 35 at 2–3 fn.3.

A defendant alleging ineffective assistance of counsel based on his attorney's failure to file a pretrial motion, such as a motion to suppress, must establish prejudice, i.e., that

5

the motion, if made, would have been meritorious and would have succeeded in changing the outcome of the proceeding. *Green v. Nelson*, 595 F.3d 1245, 1251–52 (11th Cir. 2010); *United States v. Matos*, 905 F.2d 30, 33 (2d Cir. 1990). *See also, e.g., DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). A defendant is not prejudiced by counsel's failure to file a motion to suppress if the motion would have been denied. *Iron Wing v. United States*, 34 F.3d 662, 665 (8th Cir. 1994). "[I]t goes without saying that counsel is not ineffective for failing to file a meritless suppression motion." *United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013).

    Ulmer shows no likelihood that a motion to suppress would have succeeded in his case. In the district court, Ulmer claimed that the residence where the drugs were found was not his and that he had no interest in the property. In effect, he maintained he was a mere visitor at the residence. A party alleging an unconstitutional search under the Fourth Amendment must demonstrate a reasonable expectation of privacy in the property searched. *See Minnesota v. Carter*, 525 U.S. 83, 88 (1998); *United States v. Segura-Baltazar*, 448 F.3d 1281, 1285–86 (11th Cir. 2006). Where Ulmer sought to distance himself so thoroughly from any connection to the searched property, he could not have established his reasonable expectation of privacy in the property, and any motion to suppress the fruits of the search under the Fourth Amendment would have been denied.

    Were Ulmer to change his story and claim he was living at the home on Holiday Inn Drive when it was searched, he could still show no basis for suppressing the seized evidence. Ulmer was on supervised release when the search was conducted. People on supervised release have a "significantly diminished . . . expectation of privacy." *United*

6

*States v. Knight,* 534 U.S. 112, 120 (2001). "[T]he probable cause requirements of the Fourth Amendment, which apply to a regular law enforcement officer executing a search warrant for an individual's home, simply do not apply to visits by probation officers to the homes of convicted persons serving a term of supervised release." *United States v. Reyes,* 283 F.3d 446, 462 (2d Cir. 2002). A warrantless search may be conducted upon a reasonable suspicion that the probationer is engaging in illegal conduct or violating a term of his supervised release. *See United States v. Dean*, 717 F. App'x 925, 934 (11th Cir. 2017) (stating that warrantless search of person on supervised release may be conducted "only upon a 'reasonable suspicion'" of illegal conduct or violation of terms of supervised release, but recognizing that the Court has previously upheld warrantless searches that were not premised on reasonable suspicion).When the search in Ulmer's case was conducted, the probation officers, who had developed evidence that Ulmer was not living at the address he had given the probation office but instead had moved in with his girlfriend at a home on Holiday Inn Drive, went to the Holiday Inn Drive residence and located Ulmer there. The officers had a justified reasonable suspicion that Ulmer was violating a term of his supervised release by changing his residence without notifying the probation office, permitting the officers to conduct a warrantless search of the property. *See Dean*, 717 F. App'x at 934.

    Ulmer demonstrates no basis upon which a motion to suppress would have succeeded in his case. Thus, he fails to establish the prejudice required to sustain his claim of ineffective assistance of counsel. *See DeRoo*, 223 F.3d at 925; *Iron Wing*, 34 F.3d at 665. Failing to establish prejudice, he is entitled to no relief on this claim.

### B. Remaining Ineffective Assistance Claim

Ulmer also claims that his trial counsel was ineffective for failing to review the significance of witnesses who he says would have exonerated him, and for failing to research the "facts and circumstances of his case." Doc. 1 at 5.

Ulmer sets forth no specific facts to support this claim. He does not identify the unreviewed witnesses or explain how they would have exonerated him. He also does not identify the "facts and circumstances" his counsel would have discovered through further research, and he does not explain how these matters would have benefited his defense and changed the outcome of the proceedings. To show prejudice based on defense counsel's allegedly inadequate investigation, a defendant must show what information would have been obtained through further investigation and also show that it would have produced a different outcome in the proceedings. *See Palmer v. Clarke*, 408 F.3d 423, 445 (8th Cir. 2005); *United States v. Price*, 357 F. Supp. 2d 63, 67–68 (D.D.C. 2004). Conclusory allegations like Ulmer's cannot sustain a claim of ineffective assistance of counsel. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Failing to demonstrate ineffective assistance by his counsel, Ulmer is entitled to no relief on this claim.

### V. CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that Ulmer's § 2255 motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is further ORDERED that objections to this Recommendation be filed no later than **January 31, 2024**. An objecting party must identify the specific portion of the factual

findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the district court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of January, 2024.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE